UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MILTON H. OHLSEN, III,      )
                      )
         Movant,     )
                      )
     vs.              )    No. 4:10CV1906 HEA
                      )       4:10CV1907 HEA
UNITED STATES OF AMERICA,  )
                      )
     Respondent.     )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motions under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1 in each case], to Vacate, Set Aside or Correct Sentence.  Pursuant to this Court's Order, the government has responded to the motions to vacate.  The Court conducted two hearings on these motions on November 27, 2012 and November 29,2012.  Testimony from Jeffrey Witt was heard on November 29, 2012.  For the reasons set forth below, the motions in both cases are denied.

## Movant's Claims

Movant makes the following claims in his Motion:

**Ground One**: Prosecutorial Misconduct.

**Ground Two:**   Ineffective assistance of counsel.

**Ground Three:** Conviction Obtained by Plea that was Unlawfully Induced.

## Facts and Background

Movant was indicted on fraud charges and a firearm charge, Cause Numbers 4:09CR114 ERW and 4:08CR710 HEA.  For the purposes of guilty pleas, the two indictments were consolidated.  Movant plead guilty, pursuant to a written plea agreement to Count I of both indictments on May 19, 2009.

A presentence investigation report was prepared, as ordered by the Court.

The Court, after a sentencing hearing, sentenced Movant to 30 months incarceration on both counts to run concurrently.  Movant did not appeal his conviction, judgment or sentence.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v.*

*United States*, 975 F.2d 310, 313 (7th Cir. 1992)).  Furthermore, even

constitutional or jurisdictional claims not raised on direct appeal cannot be raised

collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for

the default and actual prejudice or (2) actual innocence."  *United States v. Moss*,

252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614,

622 (1998)).  Claims based on a federal statute or rule, rather than on a specific

constitutional guarantee, "can be raised on collateral review only if the alleged

error constituted a 'fundamental defect which inherently results in a complete

miscarriage of justice.'"  *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v.

United States*, 368 U.S. 424, 477 n. 10 (1962)).

      The Court must hold an evidentiary hearing to consider claims in a § 2255

motion "unless the motion, files and records of the case conclusively show that the

prisoner is entitled to no relief."  *Shaw v. United States*, 24 F.3d 1040, 1043 (8th

Cir. 1994)(citing 28 U.S.C. § 2255).  Thus, a "[movant] is entitled to an

evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to

relief.'"  *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v.

Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court may dismiss a claim

"without an evidentiary hearing if the claim is inadequate on its face or if the

record affirmatively refutes the factual assertions upon which it is based."  *Shaw*,

- 3 -

24 F.3d at 1043.

## Discussion

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009).  The burden of demonstrating ineffective assistance of counsel is on a defendant.  *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).  To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed.  *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005).  The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as

the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir.

2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions.  The prejudice prong, however, is different in the context of guilty pleas.  Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Prosecutorial Misconduct**

Movant contends there were various actions of the prosecution which he claims involved misconduct.

Movant alleges that the government provided false and misleading testimony and/or omissions to the Grand Jury including statements regarding his income being substantially less than $15,000 per month.  Defendant plead guilty to this count, and there were no objections to the amount, or any other facts at the time of the plea.

Movant also argues the Government suppressed evidence in its possession that contradicts the basis of the indictment and plea. Movant raised no such issue at the time he entered into the guilty plea.

- 6 -

Movant boldly and outrageously claims that the Government used its power to deprive him of his free will thereby obtaining the guilty plea. Contrary to Movant's claim, the record establishes that at the time of the guilty plea, the Court questioned Movant as to the voluntary nature of the plea. Movant answered the Court in the affirmative when questioned as to whether Movant was entering the plea of his own free will, and that no one had forced him into so pleading. Movant cannot overcome the clear testimony he gave the Court when asked at the time of the plea.

Movant claims that the Government inferred he was a flight risk at his bond hearing. Once again, the record belies Movant's claim. Before the Honorable Thomas C. Mummert, III, a witness testified that she was fearful for her well being. Based upon this testimony, Judge Mummert ordered Movant detained. Movant's outlandish claims of Government inference that he stole an airplane made him a flight risk do not require this Court to set aside, vacate or correct the sentence imposed.

Likewise, Movant's claim that the Government improperly influenced the pretrial service officer is equally outlandish in light of the fact that Judge Mummert conducted a full and thorough bond hearing.

Movant's claim that the government hid evidence of income of $225,000 in

2007 fails.  As the Government points out, this evidence was a separate,

independent fraud investigation that was part of the plea agreement wherein the

Government agreed to forego any prosecution on its claim that this "income" was

fraudulently obtained from investors and was not truly income.  Movant cannot

claim Government misconduct on an issue upon which it agreed to forego

prosecution.  Movant can claim no prejudice by these alleged actions of the

Government.

Movant's claim that there were witnesses who may have been called by the

government if the case was tried who had substantial credibility issues.  Initially,

the Court reiterates that Movant plead guilty to the two counts in the indictments.

At the plea hearing, the Court clearly advised Movant that he was giving up his

right to call witnesses in his own behalf and to require the Government to prove its

case beyond a reasonable doubt. Movant advised the Court that he understood and

that he agreed to forego the rigors of the trial proof by the Government.

Movant argues that Jeffrey Witt was representing him and cooperating with

the Government against Movant.  As Judge Nanette A. Baker carefully and

articulately determined, there was no breach of any attorney client relationship

between Movant and Mr. Witt.  Mr. Witt was not representing Movant on any of

the criminal charges against him.

Moreover, with regard to the firearm which gave rise to the firearm count in the gun indictment, as the Government clearly outlines in its response, Movant's former employer turned the gun over to the St. Louis County Police Department, which in turn notified the United States Attorney's Office and the FBI.  This lead to the filing of the superseding indictment which added the gun count.  Movant's attempt to give rise to a breach of the attorney client privilege by Mr. Witt will not withstand the reality of the course of events leading to the gun count.

**Ineffective Assistance of Counsel**

Movant challenges the effectiveness of counsel.  Movant claims that counsel was ineffective in: failing to investigate the elements of the offence including the Federal deposit Insurance Company's status of the financial institution; failing to investigate and advise of the elements regarding the Petite policy; failing to seek experts; failing to investigate and present mitigating facts; failing to investigate misconduct; failing to correctly advise pertaining to release; failing to obtain evidence; failing to file motions; a failure pertaining to the Presentence Investigation Report and plea.

Each of Movant's claims regarding counsel's performance prior to, during and at sentencing are without merit.  Movant advised the Court, in open court and under oath, and without equivocation, that he was fully satisfied with the work his

lawyer had done for him.  When asked if there was anything he wanted his lawyer to do that he failed to do, Movant advised the Court in the negative.  Likewise, when asked if there was anything at all that Movant wanted from his lawyer, Movant denied same.  Movant's claims now that counsel failed in so many respects are a crystal clear attempt to avoid the sentence for crimes which Movant voluntarily entered a guilty plea and received the benefit of the Government's foregoing prosecution on certain counts and other investigations.

**Fourth Amendment**

Movant attempts to challenge the search of his vehicle on march 28, 2008 and December 17, 2008.  The Court agrees with the Government that these searches apply to the guilty plea.  Notwithstanding, Movant waived his constitutional rights to the validity of these searches when he plead guilty.

**Remaining claims**

Movant makes a variety of other claims regarding the procedures in his criminal cases.  The record establishes that the Court thoroughly and completely advised Movant of his rights and the effects of entering a plea of guilty. The Court questioned Movant as to the voluntariness of the plea.  Additionally, the Court afforded Movant the opportunity to express any concerns he had at the plea hearing and again at sentencing.  Movant did not raise a single issue or concern at

either of these hearing.  Movant's newly found discrepancies with the proceedings herein are totally and completely without merit.

As stated by the Government, if there are any items of non-contraband that the Government possesses, Movant may seek to have it returned by notifying the Government of the items to which he claims he is entitled to recover.

Movant's claims of unlawful arrest and lack of jurisdiction are rendered meaningless by an examination of the record in this case.  The indictment in this case was properly handed down, accepted and filed.  Likewise, the indictment was properly filed in the office of the Clerk of the Court for the Eastern District of Missouri, as reflected in the Court's records.

### Conclusion

Based upon the foregoing analysis, Movant's claims fail to afford him relief.

### Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133

F.3d 565, 569 (8th Cir. 1997).  Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], and the supplement thereto, are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue Certificates of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 22nd day of January, 2014.


_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

- 12 -